UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HARRY BURDICK,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>STATE OF NEVADA DEPARTMENT CORRECTION, et al.,<br><br>　　　　　Defendant(s). | Case No. 2:15-cv-01131-JCM-NJK<br><br>ORDER<br><br>(Docket No. 5) |

On July 2, 2015, the Court denied without prejudice Plaintiff's application to proceed *in forma pauperis* as incomplete. Docket No. 4. The Court ordered that Plaintiff had until August 3, 2015, to either submit a completed application or pay the $400.00 filing fee. *Id.*, at 2. Plaintiff has submitted an additional application to proceed *in forma pauperis*. Docket No. 5. This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 5. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Redacted Complaint.[1]

. . .

---

[1] Plaintiff's original Complaint did not comply with Federal Rule of Civil Procedure 5.2(a). On June 17, 2015, the Court ordered Plaintiff to file a redacted version of his Complaint in compliance with Federal Rule of Civil Procedure 5.2(a).

II. **Screening the Complaint**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.*, at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

A. Factual Background[2]

Plaintiff's attorney, Mr. Hartsell, negotiated with Clark County Assistant District Attorney Mr. Sweeney to reach a plea agreement. Docket No. 3-1, at 8. In April of 2014, Plaintiff made a plea

---

[2] All facts discussed herein are taken from Plaintiff's Complaint, which the Court must accept as true for purposes of this screening order.

agreement and was sentenced in state court on May 23, 2014. *Id.*, at 2, 9. Sometime during June or July, the Nevada Department of Corrections made a transfer through the Interstate Corrections Compact for Plaintiff to be transferred from Nevada to California. *Id.*, at 2-3. Before he was transferred to California, Plaintiff was released from prison. *Id.*, at 4. When Plaintiff was released, the Nevada Department of Corrections gave Plaintiff a bus ticket to go to California. *Id.*, at 4. However, Plaintiff was informed by Sergeant Zener of Parole and Probation that if he left the State of Nevada he would be arrested. *Id.*, at 4. Thus, Plaintiff alleges that he is being held in Nevada against his will. *Id.*, at 7.

B. Section 1983 Claims

Plaintiff's § 1983 claims seek damages arising from his plea agreement, a revision of the state court's ruling, and a revision of Parole and Probation's decision to keep Plaintiff in Nevada. *Id.*, at 9. This is relief the Court cannot grant.

The Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a § 1983 claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). To the extent Plaintiff's claims arise from his plea agreement, they fall within the scope of the bar created by *Heck*. Plaintiff has failed to allege that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question. As a result, Plaintiff's claims stemming from his plea agreement are dismissed with leave to amend.

C. Mr. Sweeney

In Count II, Plaintiff attempts to state a claim under 42 U.S.C. § 1983 against Clark County Assistant District Attorney Mr. Sweeney, the state prosecutor in his criminal case. Docket No. 3-1, at 8. Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocates performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). *See also Kalina v. Fletcher*, 522 U.S. 118, 124-

26 (1997); *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) ("Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is "intimately associated" with the judicial phase of the criminal process"). However, prosecutors receive only qualified immunity for their "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 113 S.Ct. 2606, 2615-17 (1993) (no absolute immunity for prosecutor's fabrication of false evidence during preliminary investigation of crime); accord *Burns v. Reed*, 111 S.Ct. 1934, 1944-45 (1991) (no absolute immunity for prosecutor's legal advice to police regarding method of interrogation and existence of probable cause to arrest suspect).

Plaintiff alleges that Mr. Sweeney told the Court that he would leave Plaintiff's family alone if Plaintiff agreed to take the plea agreement. Docket No. 3-1, at 8. Afterwards, Plaintiff's daughter had charges filed against her, allegedly in violation of Plaintiff's plea agreement. *Id.*, at 8-9. Notwithstanding the *Heck* bar, Plaintiff's § 1983 claim against Mr. Sweeney is precluded because Mr. Sweeney is immune from suit under § 1983 for his actions in prosecuting Plaintiff.

D. Nevada Department of Corrections

Plaintiff also names the Nevada Department of Corrections as a defendant in this case. Docket No. 3-1, at 2. It is well settled that, as an arm of the state, the Nevada Department of Corrections is not a person for the purposes of § 1983 and also cannot be a defendant in a § 1983 action. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 839 (9th Cir.1997); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989) (holding that a State is not a "person" under § 1983). Therefore, the Nevada Department of Corrections is not a proper defendant in this action.

**III. Conclusion**

Based on the foregoing and good cause appearing, therefore,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* (Docket No. 5) is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order

1 granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Redacted Complaint.

4. The Complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **September 21, 2015**, to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete.  This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

Dated: August 21, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE