1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HARRY BURDICK,                                    )
                                                  )       Case No. 2:15-cv-01131-JCM-NJK
                              Plaintiff(s),        )
                                                  )
vs.                                               )
                                                  )       REPORT AND RECOMMENDATION
STATE OF NEVADA DEPARTMENT                        )
CORRECTION, et al.,                               )
                                                  )       (Docket No. 8)
                              Defendant(s).        )
_____ )

16       Pending before the Court is Plaintiff's Amended Complaint. Docket No. 8. The Court has granted

17  Plaintiff leave to proceed *in forma pauperis*. Docket No. 6. After granting his request to proceed *in forma*

18  *pauperis*, the Court must screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915. Upon screening

19  Plaintiff's Complaint, the Court found Plaintiff failed to state a viable claim, and granted him leave to

20  amend his Complaint. Docket No. 6. Plaintiff has now filed an amended complaint. Docket No. 8.

21       Federal courts are given the authority to dismiss a case if the action is legally "frivolous or

22  malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a

23  defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint

24  under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its

25  deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by

26  amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

27       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

28  failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling

1    on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

2    A properly pled complaint must provide a short and plain statement of the claim showing that the pleader

3    is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4    Although Rule 8 does not require detailed factual allegations, it demands "more than labels and

5    conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S.

6    662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all

7    well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal

8    conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by

9    conclusory allegations, do not suffice.  *Id.* at 678.  Second, where the claims in the complaint have not

10   crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at

11   570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by

12   lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro*

13   *se* pleadings is required after *Twombly* and *Iqbal*).

14          Given Plaintiff's status as a *pro se* litigant, the Court has construed his complaint liberally.  Plaintiff

15   attempts to assert claims pursuant to 42 U.S.C. § 1983.  Docket No. 8 at 1.  To state a claim under § 1983,

16   Plaintiff must allege that a right secured by the Constitution or statutory law has been violated, and the

17   deprivation was committed by a person acting under color of law.  *See Anderson v. Warner*, 451 F.3d 1063,

18   1067 (9th Cir. 2006).

19          Plaintiff alleges that, while he was incarcerated, he expressed his desire to transfer to California

20   after his Nevada sentence expired.  Docket No. 8 at 2.  Plaintiff further alleges that Defendant Zenner, a

21   sergeant at Clark County Parole and Probation, told Plaintiff he would provide Plaintiff and his brother bus

22   tickets to California.  *Id.* at 2-3.  Plaintiff alleges that, despite the expiration of his Nevada sentence, the

23   parole board denied him parole in May 2014.  *Id.* at 3.  Plaintiff therefore asserts claims against Defendant

24   Zenner in both his official and individual capacities.  *Id.* at 2.

25          In federal court, the Eleventh Amendment of the United States Constitution bars claims against state

26   officials in their official capacity.  *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (citing *Hafer v.*

27   *Melo*, 502 U.S. 21 (1991)).  Accordingly, Plaintiff's claim against Defendant, a state official, arising out

28   of his official conduct must be dismissed.

1    Parole board members are entitled to absolute immunity for parole board decisions. *Brown v.*

2    *California Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009). Absolute immunity has been extended to

3    parole officials for "actions integral to those decisions." *Swift v. California*, 384 F.3d 1184, 1191 (9th Cir.

4    2004). Similarly, parole officials enjoy absolute immunity for carrying out facially valid orders from the

5    parole board. *Chavez v. City of Petaluma*, 2015 WL 3766460, *11 (N.D. Cal. June 16, 2015) (extending

6    *Engebretson v. Mahoney*, 724 F.3d 1034, 1035 (9th Cir. 2013), which held that prison officials enjoy

7    absolute immunity from liability under 42 U.S.C. § 1983 for conduct prescribed by facially valid court

8    orders).

9    Defendant, a sergeant at Clark County Parole and Probation, is immune from liability for carrying

10   out the parole board's facially valid order regarding Plaintiff's release. The Court finds that, since

11   Defendant enjoys absolute immunity regarding his actions in relation to the parole board, further

12   amendment of the complaint could not cure its deficiencies.

13   Accordingly, it is **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** with

14   prejudice.

15   Dated: June 14, 2016

16

17

18   _____
     NANCY J. KOPPE
     UNITED STATES MAGISTRATE JUDGE

19
                              NOTICE
20

21   Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing

22   and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts

23   of appeal may determine that an appeal has been waived due to the failure to file objections within the

24   specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

25   objections within the specified time and (2) failure to properly address and brief the objectionable issues

26   waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

27   District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*,

28   708 F.2d 452, 454 (9th Cir. 1983).